IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERNEST OBIAGWU, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 5:24-CV-198-CAR |
| | : |
| BALDWIN MEMORIAL | : |
| CREMATORY, MOORES FUNERAL | : |
| HOME AND CREMATORY, | : |
| STEWART COUEY, and COLETTE | : |
| LEWIS MITCHELL, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER ON DEFENDANT COLETTE LEWIS-MITCHELL'S MOTION TO SET ASIDE DEFAULT AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION TO AMEND CASE CAPTION**

Currently before the Court is Defendant Colette Lewis-Mitchell's Motion to Set Aside Default and Plaintiff's Motion for Default Judgment and Motion to Amend Case Caption. Having considered the record, the parties' briefs, and applicable law, the Court **GRANTS** Defendant Lewis-Mitchell's Motion to Set Aside Default [Doc. 19] and **DENIES as moot** Plaintiff's Motion for Default Judgment [Doc. 28]. The Court **CONSTRUES** Plaintiff's Motion to Amend Case Caption [Doc. 26] as a Motion to Amend Complaint to add Bostick Circle Nursing Center as a party and **DIRECTS** Plaintiff to file

1

his Second Amended Complaint as a separate entry on the docket within 10 days from the date of this Order.

## BACKGROUND

Plaintiff Ernest Obiagwu, proceeding *pro se*, filed this action on June 24, 2024.[1] On December 13, 2024, the Court allowed Plaintiff to file an Amended Complaint.[2] On December 16, 2024, Plaintiff filed his Amended Complaint, and Defendant Lewis-Mitchell was added as a party to the case.[3] On January 3, 2025, Defendant Lewis-Mitchell was personally served.[4] Defendant Lewis-Mitchell failed to file a responsive pleading within 21 days as required by Federal Rule of Civil Procedure 12. On February 10, 2025, Plaintiff applied for an entry of default against Defendant Lewis-Mitchell.[5] On February 12, 2025, the Clerk entered default against Defendant Lewis-Mitchell.[6] On February 14, 2025, Defendant received a copy of the Clerk's Entry of Default by mail.[7] On February 18, 2025, Defendant Lewis-Mitchell moved to set aside default.[8] On March 5, 2025, Plaintiff filed his Motion for Default Judgment.[9]

---

[1] Plaintiff also sued Baldwin Memorial Crematory, Moore's Funeral Home and Crematory, and Stewart Couey—all of which timely filed a responsive pleading.
[2] Order Granting Motion to Amend [Doc. 11].
[3] Amended Complaint [Doc. 12].
[4] Proof of Service [Doc. 17].
[5] Plaintiff's Application to the Clerk for Entry of Default [Doc. 16].
[6] Clerk's Entry of Default dated February 12, 2024.
[7] Affidavit of Defendant Lewis-Mitchell ¶ 11 [Doc. 19-2].
[8] Defendant Lewis-Mitchell's Motion to Set Aside Default [Doc. 19].
[9] Plaintiff's Motion for Default Judgment [Doc. 28].

2

**MOTION TO SET ASIDE DEFAULT AND MOTION FOR DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 55 provides a two-step procedure for obtaining a default judgment. First, the Clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."[10] But a court may set aside an entry of default "for good cause shown."[11]

To determine if good cause exists to set aside the Clerk's entry of default, courts within the Eleventh Circuit have considered several factors including: whether the default was culpable or willful; whether setting it aside would prejudice the adversary; whether the defaulting party presents a meritorious defense; whether the public interest was implicated; and whether the defaulting party acted promptly to correct the default.[12] The Eleventh Circuit has emphasized that default judgments are disfavored, and there is a strong public policy in favor of determining cases on their merits.[13] Further, default judgment "is a drastic remedy which should be used only in extreme situations."[14]

---

[10] Fed. R. Civ. P. 55(a).

[11] Fed. R. Civ. P. 55(c).

[12] *Epps v. Watson*, No. 3:05-CV-068 (CDL), 2007 U.S. Dist. LEXIS 88710, at *5 (M.D. Ga. Dec. 3, 2007) (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviación*, 88 F.3d 948, 950-51 (11th Cir. 1996)).

[13] *Florida Physicians Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984)).

[14] *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)); *see also Varnes v. Glass Bottle Blowers Assoc.*, 684 F.2d 1365, 1369 (11th Cir. 1982) (discussing courts' preference for adjudication on the merits). *See also Epps*, 2007 U.S. Dist. LEXIS 88710, at *6 (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)) ("[A]ny doubt as to whether a

"Although a district court may enter default judgment against a defendant who has failed to respond to a complaint against him, default judgments should only be entered if exceptional circumstances exist that prejudice the plaintiff."[15]

Here, a default judgment against Defendant Lewis-Mitchell is not warranted. In her Affidavit, Lewis-Mitchell states that when she was served, she reviewed the documents and sent them to her supervisor to ensure his receipt, review, and handling of the lawsuit.[16] She also sent him a follow-up text message to ensure he was handling it.[17] Lewis-Mitchell states her actions in forwarding the lawsuit to her supervisor "were consistent with [her] prior handling of legal documents [she had] received regarding Bostick Circle Nursing Center patients."[18] In Lewis-Mitchell's previous experience, her supervisor "would forward the documents to the necessary people and [] counsel would be assigned to timely respond,"[19] and she "was not aware of anything further that [she] needed to do" to respond to the lawsuit.[20] She avers that she "did not intentionally fail to respond to this lawsuit or intentionally delay [her] appearance in this case."[21] While

---

default should be granted or vacated 'should be resolved in favor of a judicial decision on the merits of a case.'").

[15] *Fry v. Hillsborough Cty. Sch. Bd.*, 190 F. App'x 810, 817 (11th Cir. 2006).
[16] Affidavit of Defendant Lewis-Mitchell ¶ 4.
[17] *Id.* ¶ 5.
[18] *Id.* ¶ 6.
[19] *Id.* ¶ 7.
[20] *Id.* ¶ 8.
[21] *Id.* ¶ 9.

4

Lewis-Mitchell could have been more careful, she acted quickly to remedy the default. The Clerk docketed the entry of default on February 12, 2025, Lewis-Mitchell received it two days later, and four days later, her counsel had entered an appearance, filed an Answer, and moved to set aside default.

The Court finds no prejudice to Plaintiff in setting aside the entry of default. Although discovery has begun, dispositive motions have yet to be filed. As other courts within the Middle District have noted, the disadvantage of requiring Plaintiff to prevail on the merits is not sufficient to establish prejudice.[22] Finally, Lewis-Mitchell raises multiple potentially meritorious defenses. "In evaluating the existence of a meritorious defense, likelihood of success is not the standard; rather, a defense is meritorious if it contains even a hint of suggestion which, if proven at trial, would constitute a complete defense."[23] The Court finds the extraordinary remedy of a default judgment unwarranted in this case and contrary to the Eleventh Circuit's strong preference for deciding cases on the merits.

---

[22] *Cobb v. Dawson*, No. 5:06-cv-066 (HL), 2007 U.S. Dist. LEXIS 76246, at *11 (M.D. Ga. Oct. 15, 2007); *Buonocore v. Credit One Bank, N.A.*, 2014 U.S. Dist. LEXIS 163275 at *2 (M.D. Ga. Nov. 21, 2014) ("The purpose of the entry of default is to give notice to a party that unless they engage in the litigation process, they could lose their right to do so. It is not meant, however as a tactical device to be used to avoid litigation of a claim on the merits."); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("[W]e must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court.").

[23] *Triest Irrigation, LLC v. Hiers*, No. 7:18-CV-155 (HL), 2018 U.S. Dist. LEXIS 246779, at *6-7 (M.D. Ga. Dec. 20, 2018) (internal citation and quotations omitted).

## MOTION TO AMEND CASE CAPTION

The Court construes Plaintiff's Motion to Amend Case Caption as a Motion to Amend Complaint to Add a Party. Typically, the liberal standard under Fed. R. Civ. P. 15(a) governs whether a court should grant leave to amend. Under Rule 15(a), the court should freely give leave to amend when justice so requires.[24] However, when a motion to amend is filed after the time set forth in the Court's scheduling order, the party must first demonstrate "good cause" under Rule 16(b).[25] The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"[26] If "good cause" exists, Rule 15(a)(2) gives the Court "extensive discretion" to permit a plaintiff to amend a pleading.[27] Factors such as undue delay, undue prejudice to the opposing party, and futility of the amendments may be considered when deciding a motion to amend.[28]

The Court must review Plaintiff's Second Amended Complaint to discern whether the proposed amended claims against Bostick Circle Nursing Center are futile. Thus, Plaintiff is **DIRECTED** to file his Second Amended Complaint as a separate entry on the docket within 10 days from the date of this Order.

---

[24] Fed. R. Civ. P. 15(a).
[25] *See* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).
[26] *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's notes).
[27] *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).
[28] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Lewis-Mitchell's Motion to Set Aside Default [Doc. 19] and **DENIES as moot** Plaintiff's Motion for Default Judgment [Doc. 28]. The Court **CONSTRUES** Plaintiff's Motion to Amend Case Caption [Doc. 26] as a Motion to Amend Complaint to add Bostick Circle Nursing Center as a party and **DIRECTS** Plaintiff to file his Second Amended Complaint as a separate entry on the docket within 10 days from the date of this Order.

**SO ORDERED,** this 8th day of April, 2025.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT