IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ERNEST OBIAGWU, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 5:24-CV-198-CAR** |
| | : | |
| BALDWIN MEMORIAL | : | |
| CREMATORY, MOORES FUNERAL | : | |
| HOME AND CREMATORY, | : | |
| STEWART COUEY, COLETTE | : | |
| LEWIS MITCHELL, CORRECTLIFE | : | |
| BOSTICK LLC, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is *pro se* Plaintiff Ernest Obiagwu's Rule 59(e) Motion to Alter or

Amend Judgment [Doc. 93] seeking the Court to vacate portions of its Order granting all

Defendants' Motions for Summary Judgment [Doc. 91]. For the reasons explained below,

the Court **DENIES** Plaintiff's Motion [Doc. 93].

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon

motion, to alter or amend a judgment.[1] Local Rule 7.6 cautions that "[m]otions for

---

[1] Fed. R. Civ. P. 59(e).

1

reconsideration shall not be filed as a matter of routine practice."[2] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[3] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered which was not previously available to the parties in the exercise of due diligence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[4] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[5] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[6]

Plaintiff fails to demonstrate any of the limited circumstances warranting reconsideration: He does not point to any intervening change in the law; he does not contend any new evidence has been discovered that was not previously available to the parties at the time the original Order was entered; and he does not identify any clear error

---

[2] M.D. Ga., L.R. 7.6.

[3] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

[4] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

[5] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

[6] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805–06 (11th Cir. 1993).

of law or manifest injustice. A motion for reconsideration "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."[7]

For the reasons explained above, the Court **DENIES** Plaintiff's Motion [Doc. 93].

**SO ORDERED,** this 18th day of March, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[7] *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).