IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ERNEST OBIAGWU, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:24-CV-198-CAR |
| | : | |
| BALDWIN MEMORIAL | : | |
| CREMATORY, MOORES FUNERAL | : | |
| HOME AND CREMATORY, | : | |
| STEWART COUEY, COLETTE | : | |
| LEWIS MITCHELL, CORRECTLIFE | : | |
| BOSTICK LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER

Before the Court is Defendant Collette Lewis-Mitchell's Motion for Rule 11

Sanctions [Doc. 94], seeking the Court to sanction *pro se* Plaintiff Ernest Obiagwu for

misrepresenting that "*Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir.

2010)" supports the contention that "a court's failure to address a material argument

raised by the non-movant is cognizable error on a Rule 59(e) motion[]" in his Motion for

Reconsideration.[1] Moreover, in her Response to Plaintiff's Renewed Motion to Proceed

IFP on Appeal, Defendant Lewis-Mitchell pointed out that Plaintiff may have falsely

---

[1] Doc. 94 at 1-2 (quoting Doc. 93 at 3); Doc. 93 at 3.

1

represented that he does not own or have any interest in real estate in his Affidavits in support of his Renewed Motions to Proceed IFP on Appeal.[2] On its own initiative, the Court ordered Plaintiff to show cause in writing why sanctions should not be imposed for these alleged misrepresentations.[3] Plaintiff responded.[4]

Plaintiff contends the Court should deny Defendant Lewis-Mitchell's Motion for Sanctions because she failed to comply with Rule 11(c)(2)'s mandatory "safe harbor" provision.[5] Under Rule 11(c)(2), a motion for sanctions must be served on the opposing party 21 days before filing the motion with the court, and if the challenged submission is withdrawn or corrected within 21 days after service, the motion must not be filed.[6] Defendant Lewis-Mitchell served and filed her Motion for Sanctions just one day after Plaintiff filed his Motion for Reconsideration—the challenged submission.[7] Because

---

[2] Doc. 107; *see also* Doc. 111 (describing the alleged misrepresentations in multiple IFP affidavits).

[3] Doc. 109; *see also* Fed. R. Civ. Proc. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

[4] Doc. 111.

[5] *Id.* at 1-2.

[6] Fed. R. Civ. P. 11(c)(2); In re *Miller*, 414 F. App'x 214, 216 (11th Cir. 2011) (providing Rule 11 "requires the moving party to serve the motion for sanctions on opposing counsel at least twenty-one days prior to filing it with the court"); *Meunier Carlin & Curfman, LLC v. Scidera, Inc.*, 813 F. App'x 368, 375 (11th Cir. 2020) ("A party seeking sanctions must first serve its Rule 11 motion on the opposing party—and allow 21 days for the offending party to cure the potential problem by withdrawing the offending paper, claim, or contention. Only if the problem remains uncorrected can a party then file its Rule 11 motion in court.") (citing Fed. R. Civ. P. 11(c)(2)) (internal citations omitted). "The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney [or unrepresented party] who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010) (citing Fed. R. Civ. P. 11; advisory committee note of 1993).

[7] *See* Doc. 94 (filed on March 17, 2026); Doc. 93 (filed on March 16, 2026).

Defendant Lewis-Mitchell failed to comply with Rule 11's safe harbor provision, the Court **DISMISSES** her Motion for Rule 11 Sanctions **as procedurally improper** [Doc. 94].

Moreover, the Court determines *sua sponte* Rule 11 sanctions would not be appropriate for Plaintiff's misrepresentations.[8] Plaintiff is proceeding *pro se* without the aid of legal training and negligently erred in presenting his legal research and financial status to the Court. The Court notifies Plaintiff that he is subject to the Federal Rules of Civil Procedure, and his filings and representations to this Court must be consistent with Rule 11. Rule 11(b) provides, in relevant part, as follows: "[b]y presenting to the court a pleading, written motion, or other paper[,]" an unrepresented party certifies to the best of his knowledge formed after a reasonable inquiry that the "legal contentions are warranted by existing law or by a nonfrivolous argument" to change existing law and that "the factual contentions have evidentiary support[.]"[9] The Court **WARNS** Plaintiff that he may incur a substantial penalty if he fails to comply with Federal Rule of Civil Procedure 11.

**SO ORDERED,** this 29th day of April, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[8] "Court-initiated sanctions under [Rule 11(c)(3)] do not involve the 'safe harbor' provision." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (citing In re *Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003)). As a result, "[t]he initiating court must employ (1) a 'show-cause' order to provide notice and an opportunity to be heard; and (2) a higher standard ('akin to contempt') than in the case of party-initiated sanctions." *Kaplan*, 331 F.3d at 1255 (citing *Pennie*, 323 F.3d at 89).

[9] Fed. R. Civ. P. 11(b)(2)-(3).